# NEW YORK SUPREME COURT.

JAMES M. GANO, as executor and trustee of the last will and
testament of JOHN H. McCUNN, agt. THOMAS McCUNN and
JANE W. McCUNN, individually and as executor and execu-
trix of, and trustees under, the last will and testament of
JOHN H. McCUNN, deceased, JAMES McCUNN and others.

*Will — construction of — Suspension of the power of alienation — Equitable
conversion.*

Where a testator, who died leaving a wife, brothers and sisters, by the
fifth clause of his will devised his real and personal estate to his wife,
as executrix, and two other persons as executors in trust, to take pos-
session of the same and collect the rents, issues and profits thereof, and
out of the proceeds of the same, for six years after his death, to pay
certain bequests to his wife, brothers and sisters, the balance of the
income, after paying such bequests, to be applied in the payment of
any incumbrances or taxes on said property; at the end of six years
the executors were directed to sell, and dispose of, all his estate, both
real and personal, the proceeds of the same to be divided amongst his
heirs and next of kin as directed:

*Held,* that the said clause in the will of the testator is void, because it
suspends the power of alienation in a manner, and for a term, prohibited
by the statute, and that the property, sought to be disposed of, thereby
descends to the testator's heirs at law as if he had died intestate.

No absolute term, however short, can be maintained. Hence, a bequest
of his real and personal estate directing that the issues and profits shall
be applied to certain beneficiaries, for six years after the testator's death,
and that then the same shall be sold and the proceeds divided among
his heirs and next of kin, is void.

The testator attempted, by means of a trust to receive rents and profits,
to render his lands inalienable, for the term of six years from the time of
his death.   This he could not do as the statute forbids it, and the whole
trust estate and the remainder limited upon it, are consequently void.

Nor can the provision be upheld by a resort to the doctrine of equitable
conversion.   The rule of equitable conversion of real into personal or
personal into real estate, does not operate until the time arises when the

conversion is directed to take place, which, in this case, would be six years from the death of the testator.

*Special Term, January,* 1879.

*W. W. McFarland,* for plaintiff.

*Mitchell & Mitchell,* for defendants.

*C. Fine* and *S. Jones,* for the heirs at law.

LAWRENCE, *J.*— This action is brought by the plaintiff, as the executor and trustee under the last will and testament of the late John H. McCunn, to obtain a construction of said will and an adjudication as to the validity of the fifth clause thereof, it being alleged by certain of the heirs at law that the said clause is void as contravening the provisions of the statute in relation to the suspension of the power of alienation (1 *Rev. Stat.* [*Edmonds*], *p.* 672).

The clause in question reads as follows: Fifth. "I give, devise and bequeath to my executor and executrix hereinafter named, and to the survivor of them, all the rest, residue and remainder of my estate, both real and personal, in America, in trust, as follows, that is to say: They shall take possession of the same and collect the rents, issues and profits thereof, and out of the proceeds of the same, for six years after my death, shall first pay the following bequests: To my dearly beloved wife, the sum of two thousand dollars per year; to James McCunn and Thomas McCunn, my brothers, each two hundred and fifty dollars per year; and my sister, Jane McCrea, one hundred and fifty dollars per year; to my sister Sally, now Mrs. Long, my sister Nancy, now Mrs. Barnes, both residing in Ireland, the sum of sixty dollars per year; and to my aunt, Eliza Lecky, sister of my mother, thirty dollars ($30) per year. All the above annuities, beginning with my wife's of two thousand dollars, are to continue for the said term of six years after my death. The balance of such income, after paying the above yearly sums, to be applied in the paying of any incumbrances or taxes on said

property. At the end of six years as aforesaid, or within a reasonable time thereafter, so that the same may not be sacrificed at low prices, I direct my executors hereinafter named to sell and dispose of all my estate, both real and personal, and after the sale of said property, the proceeds of the same to be divided amongst my heirs and next of kin, or to those to whom I may direct, as follows :

"First. One-half of the whole of the proceeds thereof to be given to my dearly beloved wife, the same, together with the other devises to her, as above set forth, to be in lieu of all dower and all right of dower. If my said wife should die before the distribution of my said estate, then her half to be divided equally between her two sisters, Caroline M. and Irene May, my brother-in-law, John K. Waring, and my two brothers, Thomas and James McCunn, share and share alike. The remaining half of the balance of my said estate, after such sale and after paying the legacies hereinafter mentioned, to be given to my two brothers, James and Thomas, equally between them, share and share alike. If either of my two brothers should die before the distribution of my said property, and leave no children, then his or their share shall go to the survivor or his children out of the half that my two brothers are to have. There shall be paid, before distribution thereof, to each of my sisters, Jane McCrea, Sally Long and Nancy Barnet, the sum of three thousand dollars each."

At the trial I was strongly of the impression that the objections urged against the validity of this clause were well taken, and such impression has been confirmed upon reflection and after a perusal of the very instructive briefs furnished to me by counsel.

The learned counsel who seek to sustain the will, contend that the provision can be upheld by a resort to the doctrine of equitable conversion. But I do not see how that doctrine can be successfully invoked. The rule of equitable conversion of real into personal or personal into real estate, does not operate until the time arises when the conversion is directed to take

place (*Ross* agt. *Robert*, 2 *Hun's Report*, 90; *Savage* agt. *Burnham*, 17 *N. Y.*, 569; *White* agt. *Howard*, 46 *N. Y.*, 144; *Shumway* agt. *Harmon*, 6 *Thompson & Cook*, 626; *Bunce* agt. *Vandergriff*, 8 *Paige*, 37).

The conversion, therefore, cannot in this case take place until the expiration of six years from the death of the testator. Since this case was decided, the general term of this department, in the case of *Garvey* agt. *McDevitt*, have passed upon, several of the questions which are involved in this case. In that case the will contained the following provisions :

"Fifth. All the rest, residue and remainder of my personal estate of whatsoever kind and nature, I give and bequeath to the Roman Catholic bishop of the diocese of Raphoe, parish of Rye, county of Donegal, Ireland, in trust, nevertheless, for the purposes hereinbefore mentioned. ·

"Sixth. I order and direct my executors hereinafter named, or such of them as shall act, or the survivor of them, at the expiration of four years after my decease, to sell, either at public or private sale, and for the best price they can obtain for the same, all my real estate, howsoever and wheresoever the same may be situated, and to give good and sufficient deed or deeds for the same, and pay over the proceeds arising therefrom, after paying the expenses of the sale thereof and all liens and incumbrances thereon, to the said Roman Catholic bishop of the diocese of Raphoe, parish of Rye, county of Donegal, Ireland, in trust nevertheless for the purposes hereinafter mentioned.

"Seventh. I hereby order and direct, and it is my will that the money bequeathed and ordered to be paid to the said bishop of the diocese of Raphoe in and by the fifth and sixth items of this my will, shall be used by him for the following purposes, namely :

"For the purpose of a site for, and the erection and maintaining of, a school-house thereon for the benefit of the Roman Catholic children of the parish of Rye, said school to be erected and built in the parish of Rye, county of Donegal,

Gano agt. McCunn.

Ireland, to have and to hold the same to said bishop and his successors forever.

"Tenth. I order and direct that until my real estate is sold as hereinbefore directed, my executors hereinafter named rent my said real estate, and after paying all taxes, assessments, water rents, insurance and other charges thereon, to deposit the balance of the rent received from said premises in some good savings bank in the city of Brooklyn, and the said money so deposited by them shall form a part of my residuary estate, and be payable with the proceeds of the sale of the real estate as hereinbefore directed."

In that case, which had been transferred from the second department, justice BRADY, in delivering the opinion of the court, says : " Three opinions have been written in this case ; one by justice BARNARD, who presided at the special term, against the validity of the trust, and one by each of the justices presiding at the general term, namely, justice GILBERT and DYKMAN.   They all united in declaring that the trust created by the sixth and tenth clauses is invalid, because it is in conflict with our statute against perpetuities.   The power of alienation is suspended by it, beyond the period allowed by law.   Justice GILBERT, while admitting this, is decidedly of the opinion that it is nevertheless valid as a power in trust, by virtue of the fifty-eighth and fifty-ninth sections of the statute (1 R. S., 729), which provide that where an express trust shall be created for any purpose not enumerated in the preceding sections, no estate shall vest in the trustees ; but the trust, if directing or authorizing the performances of any act which may be lawfully performed under a power, shall be valid as a power in trust, and that in every case where the trust shall be valid as a power, the land to which the trust relates shall remain in or descend to the persons otherwise entitled, subject to the execution of the trust.   Justice DYKMAN discusses this proposition and rejects it.   He thinks that the sections mentioned apply only to cases where express trust shall be created for any purpose not enumerated in the statute ;

Gano agt. McCunn.

so that where an express trust has been created which is enumerated and is of a kind permitted, their provisions can have no application. And he has further expressed himself: ' It certainly would be a very strange construction of this provision of the statute to hold that, in any case where a testator has impressed his property with a trust of a nature and kind permitted by our statutes, but which cannot be carried out as a trust because it suspends the power of alienation improperly, it may yet be carried out and executed as a power in trust. Under such a construction a trust which fell under the condemnation of the statute against perpetuities would incur no peril, and that statute would be practically repealed. Such is not and cannot þé the proper construction of this provision. The legislature provided that express trusts may be created for purposes which are clearly defined and enumerated, and abolished all others ; but the acts which may be done under a power are not defined, and as it was manifest that express trusts might be created for purposes not enumerated, but which might be lawfully performed under a power, such trusts were made valid as powers and trusts ; but they must be such as are not enumerated in the fifty-fifth section. This construction is in full harmony with the case of *Downing* agt. *Marshall* (23 *N. Y.*, 366).'

" These views state the result of an investigation of the subject, and are sustained by authority and by principle. The attempted trust is condemmed by the statute. If all the other necessary elements to its success were present it must fail because of the unlawful suspension of the power of alienation, and when it fails because of its absolute intrinsic invalidity it fails in all respects. The language of the statute is, ' Every future estate shall be void in its creation which shall suspend the power of alienation for a longer period than is prescribed in this title' (1 *R. S.*, 723, *sec.* 14), and sections 58 and 59 only preserve trusts which authorize the performance of an act which may lawfully be performed under a power ; but under a power no future estate can be lawful which in its

creation shall suspend the power of alienation. The testator cannot accomplish indirectly what the statute declares he cannot do directly. The source of the power, in other words, must not be in contravention of positive statute law. It must rest on a legal foundation.

"If a trust prohibited by statute, and therefore void, can be carried out as a power, then, as suggested by justice DYKMAN, the statute defeats itself. It contains provisions which, in effect, repeal the prohibition, and the design of the enactment is destroyed. So far as the courts have adjudicated upon this question, the rule deducible is, that a trust prohibited because it suspends the power of alienation is equally invalid as a power in trust. In the case of *Hone's Executors*, agt. *Van Schaick*, (20 *Wend.*, 566), justice BRONSON said : ' Every estate is void in its creation, which is so limited that the absolute power of alienation may be suspended for more than two lives in being at the creation of the estate. The lives must be designated and life must in some form enter into the limitation. No absolute term, however short, can be maintained. The testator attempted, by means of a trust to receive rents and profits, to render his lands inalienable for a term of which more than nineteen years remained unexpired at the time of his death. This he could not do. The statute had forbidden it. The whole trust estate and the remainder limited upon it are consequently void (*Coster* agt. *Lorillard*, 14 *Wend.*, 265 ; *Hawley* agt. *James*, 16 *id.*, 61). The power, in trust, to make partition at the end of the term is subject to the same objection as the trust. It works an illegal suspense of the power of alienation. That this may be the effect of a power in trust, and that the power will then be void, has been adjudged by this court in the cases already mentioned.' In this case the power in trust works a suspension of the power of alienation, because of the four years' limitation or condition by which it is governed (*See, also, Ellis* agt. *Lynch*, 8 *Bosw.*, 478). In *Beekman* agt. *Bonsor* (23 *N. Y.*, 317) chief justice COMSTOCK thus briefly disposes of a kindred question to the

one under discussion.   At the end of the fifteen years, the
executors were authorized to sell the land and distribute the
proceeds among the nephews and nieces.   This would have
been a lawful trust or power in trust, if the postponement
of its execution for an absolute period of time did not sus-
pend the power of alienation in a manner which the statute
does not permit.   That suspension is fatal to this trust also.

"The same learned justice, in an elaborate review of the
doctrine of powers, said: And thus, as the old statute of uses,
which was intended to abolish positive trusts, left the widest
field for the creation of active ones, so our provision in abro-
gating all active trusts, except the few particularly specified,
has reanimated them under the names of powers which are
left without restriction, provided the purpose of the limita-
tion or power be itself a lawful one (*Downing* agt. *Marshall*,
23 *N. Y.*, 380).

"The question thus considered seems to be decidedly
adverse to the validity of the power in trust, and leads to the
conclusion that the opinion of justice DYKMAN is entitled to
the greater weight, and that the judgment therefor be con-
firmed.   The provisions of the will establishing neither a valid
trust nor power in trust, the design of the testator cannot be
carried out."

I have quoted thus extensively from the opinion of the gen-
eral term, in the case above referred to, because it seems to
me to be on all fours with the case at bar, and to so effect-
ually dispose of the views presented by counsel in support of
the validity of the fifth clause of the testator's will in this
case as to render further discussion by me unnecessary.

There should be judgment, therefore, in this case declaring
that the fifth clause in the will of the testator is void, because
it suspends the power of alienation in a manner and for a
term prohibited by the statute, and that the property sought
to be disposed of thereby descends to the testator's heirs at
law, as if he had died intestate.

The findings may be settled on five days' notice.